UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RESQNET.COM, INC., | |
| Plaintiff, | Civil Action No. |
| v. | |
| AFFILIATED COMPUTER SERVICES, INC., | **JURY DEMANDED** |
| Defendant. | |

## COMPLAINT

Plaintiff, by its attorneys, for its Complaint against Defendant, alleges:

### JURISDICTION AND VENUE

1. This cause of action arises under the Patent Laws of the United States, 35 U.S.C. §101 et. seq.

2. Jurisdiction of the subject matter of this action is conferred on this Court by 28 U.S.C. § 1338(a).

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) and (c); and/or 28 U.S.C. 1400.

### THE PARTIES

4. Plaintiff ResQNet.com, Inc. (hereinafter "ResQNet" or "Plaintiff"), is a Delaware corporation having a principle place of business at One Exchange Place, 8th Floor, Jersey City, New Jersey 07302.

5. Upon information and belief, Defendant Affiliated Computer Services, Inc. (hereinafter "ACS" or "Defendant"), is a Texas corporation having a principle place of business

1

at 2828 North Haskell, Dallas, TX 75204 and, upon information and belief, offices throughout New Jersey in Little Falls, NJ, West Windsor, NJ, Newark, NJ, Totowa, NJ and Secaucus, NJ.

6. Upon information and belief, Defendant transacts business within this district, derives substantial revenue from intra-state and inter-state commerce and has committed tortuous acts within this district and also without this district having injurious consequences within this district, and Defendant is otherwise within the jurisdiction of this court.

## ALLEGATIONS

7. Plaintiff is the owner of United States Patent No. 6,295,075 ("the '075 patent"), directed to the field of converting "green screen" computer program data to more user friendly Windows based configurations, allowing for ease of viewing, better organization of information and ease of navigating through the data.

8. Long after Plaintiff invented and applied for patent protection directed to its innovative technology, Defendant began producing, offering for sale and selling various items and/or services, which when taken alone, or when used in combination with other products and/or systems, infringe upon the '075 patent.

9. Defendant's infringing products and/or systems are believed to include and incorporate therein software sold by Looksoftware under the name Newlook.

10. The Newlook software has already been adjudicated to infringe the '075 patent by the United States District Court for the Southern District of New York, Civil Action No. 01-CV-3578 (RWS), in an Order issued by Judge Sweet after a bench trial. The '075 patent also survived a challenge to its validity in that proceeding, and the patent office later affirmed all the claims were patentable in a reexamination proceeding.

11. Plaintiff is currently appealing to the Court of Appeals for the Federal Circuit a ruling by Judge Sweet in 01-CV-3578 of non-infringement by the Newlook software of U.S. Patent No.

5,831,608 ("the '608 patent").  Should this appeal succeed, as is expected by Plaintiff, Plaintiff will look to amend the pleadings in this action to assert infringement of the '608 patent against Defendant.

### COUNT I- PATENT INFRINGEMENT OF U.S. PATENT NO. 6,295,075

12. Plaintiff re-alleges all of the foregoing paragraphs as if fully set forth herein.

13. Plaintiff is the owner United States Patent No. 6,295,075, issued on September 25, 2001.

14. Defendant is manufacturing and selling software programs and/or providing services, that infringe upon the language of the claims of the '075 patent.

15. Plaintiff believes that Looksoftware likely advised its customers of the litigation history of the '075 patent.  Thus, it is believed that discovery will reveal that Defendant has full knowledge of the patent rights of Plaintiff in the '075 patent and is nonetheless continuing its sales with no reasonable basis, in a willful manner.

16. All of the acts of Defendant are without the permission, license or consent of the Plaintiff and are causing, and will continue to cause, irreparable injury unless enjoined by the Court, since Plaintiff lacks an adequate remedy at law.

17. Defendant has been unjustly enriched and Plaintiff is entitled to an accounting and award for damages, interest, and attorneys' fees.

18. Defendant's foregoing activities have damaged the Plaintiff in an amount as yet unknown, but believed to be in the millions of dollars.

### JURY DEMAND

19. Plaintiff hereby demands trial by jury.

## PRAYER

**WHEREFORE,** Plaintiff prays for a judgment, including:

    A.    A declaration that defendant's products and/or services, including at least Newlook, infringe the '075 patent, and that such infringement is, and was, willful;

    B.    An accounting and award for damages, interest, attorneys' fees and costs of this action;

    C.    An award of treble damages for Defendant's willful infringement of Plaintiff's patents;

    D.    A permanent injunction against Defendant, prohibiting the continuance of the infringing activities; and

    E.    Such other and further relief as the Court deems just and proper.

Respectfully submitted,

**KAPLAN GILMAN & PERGAMENT LLP**
Attorneys for Plaintiff
1480 Route 9 North, Suite 204
Woodbridge, NJ 07095
Telephone (732) 636-4500

DATED: May _____, 2009

Jeffrey I. Kaplan (JK _____)

## VERIFICATION

I, Gad Janay, principal of Plaintiff ResQNet.com, Inc., have read the above Complaint, and certify herein that to the best of my knowledge and belief, all statements made herein are true or are believed to be true.

Dated: May ____, 2009

Gad Janay

4